# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* BARBARA SCHUBERT,<br><br>       Plaintiffs,<br><br>v.<br><br>ALL CHILDREN'S HEALTH SYSTEM, INC., PEDIATRIC PHYSICIANS SERVICES, INC. and ALL CHILDREN'S HOSPITAL, INC.,<br><br>       Defendants. | Case No.:  **8:11-cv-1687-T-27-EAJ** |

## DEFENDANTS' MOTION TO STRIKE CLAIMS AND ALLEGATIONS FROM THE THIRD AMENDED COMPLAINT <u>PREVIOUSLY BARRED BY THE COURT'S JANUARY 9, 2013 ORDER</u>

All Children's Health System, Inc. ("ACHS"), Pediatric Physicians Services, Inc. ("PPS"), and All Children's Hospital, Inc. ("ACH") (collectively "Defendants"), by and through the undersigned Counsel, respectfully move for an Order striking from the Third Amended Complaint Counts III (¶¶ 82-87) and IV (¶¶ 88-93), as well as paragraphs 26, 34, 35, 44, 45, 46, 47, 48, 51, 56, 57, 58, 59, 60, and portions of 66 and 70.  In support hereof, Defendants state as follows:

       1.      Relator Barbara Schubert filed this *qui tam* case under seal on July 29, 2011 and thereafter filed a First Amended Complaint under seal.  The Court has not unsealed those complaints.

       2.      On or about January 11, 2012, while the case was under seal, the Medicaid Fraud Control Unit of the Florida Office of the Attorney General ("Florida MFCU") served a

subpoena on Defendants.  The subpoena sought contracts and other documents relating to

financial relationships between Defendants and physicians.  The Florida MFCU and the

United States Department of Justice ("DOJ") advised Defendants that the documents were

being sought as part of a joint state-federal investigation.  In response to the subpoena,

Defendants produced more than 24,000 pages of documents.  *See* Declaration of Jesse A.

Witten [Dkt. 22-1].

      3.     On May 1, 2012, Relator filed a Second Amended Complaint ("SAC").  [Dkt.

2].

      4.     Neither the United States nor the State of Florida intervened in this case, and

on August 13, 2012, the Court entered an Order unsealing the SAC and directing Relator to

serve Defendants.  [Dkt. 4-5].

      5.     On November 5, 2012, Relator moved for leave to file a Third Amended

Complaint.  [Dkt. 21].  The proposed Third Amended Complaint sought to add new

allegations regarding different financial relationships between Defendants and physicians,

and also sought to assert new counts.  *Id.* at Ex. 1.

      6.     On January 9, 2013, the Court denied Relator's motion for leave to file a

Third Amended Complaint.  [Dkt. 33].  The Court held that it lacked jurisdiction over the

new allegations because the Government investigation had triggered the public disclosure

bar, 31 U.S.C. § 3730(e)(4), over those claims.  *See id.* at 5.  Further, the Court held that

Relator did not satisfy the "original source" exception to the public disclosure bar.  *See id.* at

6.  In fact, Relator did not even attempt to meet her burden of proving that she satisfied the

original source exception, as she must where there has been a public disclosure.[1]  Because the Court concluded that it lacked jurisdiction over the new allegations and claims, it denied Relator's motion for leave to file the Third Amended Complaint.  *Id.* at 7.

7.      Defendants then moved to dismiss the SAC on a number of grounds.  [Dkt. 34].  On April 15, the Court dismissed the SAC because Relator failed to plead the circumstances of fraud with particularity as required by Rule 9(b).  [Dkt. 44].  The Court, however, granted Relator leave to file a Third Amended Complaint to cure the pleadings deficiencies that led to the dismissal (the failure to plead particular false claims).  *Id.* at 9.

8.      Relator filed a Third Amended Complaint on April 29, 2013.  [Dkt. 45]  This Third Amended Complaint attempts to assert many of the same allegations and claims over which the Court already held that it lacks jurisdiction, *i.e.*, the same allegations and claims for which leave was previously denied as futile.  *See* [Dkt. 33].

9.      Pursuant to Fed. R. Civ. P. 12(f), Defendants hereby move to strike those portions of the Third Amended Complaint that attempt to re-assert allegations and claims that Relator previously raised, but was denied leave to file.  Defendants respectfully submit that this problem should be rectified before Defendants are required to endure the burden and expense of moving to dismiss claims that were asserted contrary to the Court's January 9 Order.  For the reasons stated below, Defendants respectfully ask that their motion be granted and Counts III (¶¶ 82-87) and IV (¶¶ 88-93), as well as paragraphs 26, 34, 35, 44, 45, 46, 47,

---

[1] The Court struck Relator's Reply to Defendants' opposition to her motion to amend because it exceeded the page limit that the Court granted.  [Dkt. 31].  The stricken brief did not argue that Relator satisfied the original source exception, and Relator provided no affidavit or other evidence to meet her burden of proof that she is an original source under 31 U.S.C. § 3730(e)(4)(B).

48, 51, 56, 57, 58, 59, 60, and portions of 66 and 70, be stricken from the Third Amended Complaint.

## MEMORANDUM OF LAW

In its April 15 Order, the Court granted Relator leave to amend to cure the Rule 9(b) pleading deficiencies that led to the dismissal of the SAC. At the time, the Court pointed out for Relator the need to prepare a complaint that allows the parties to join issues and the Court to administer this case effectively and economically:

> 'Experience teaches that unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'

Order [Dkt. 44] at 9 n.6 (quoting *Anderson v. Dist. Bd. of Teachers of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1997)). The Court also advised Relator that the failure to file a complaint that allows for an orderly judicial process could result in dismissal of the case. *See id.*

At this stage, Relator may not amend as of right. She may amend only with leave of Court and only to the extent that she has been granted leave. *See* Fed. R. Civ. P. 15(a)(2). Relator, however, never sought leave to re-assert the claims over which this Court previously held that it lacks jurisdiction, and for which leave to amend was previously denied. Accordingly, as explained below, the Court should strike those portions of the Third Amended Complaint that attempt to restate the previously rejected claims.

## ARGUMENT

### I.   THE COURT SHOULD STRIKE THE CLAIMS THAT IT ALREADY HELD RELATOR COULD NOT ASSERT DUE TO LACK OF JURISDICTION.

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." When a party's amended complaint exceeds the scope of the allowed amendment, it is proper to strike the unallowed portions. *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007). This is particularly true where an amended pleading restates a claim that was previously dismissed. *See Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 12-60654-CIV, 2013 WL 1131650, at *1 n.1 (S.D. Fla. Mar. 18, 2013) (striking claims previously dismissed for lack of jurisdiction); *Stallworth v. Hartford Ins. Co.*, 3:06CV89/MCR/EMT, 2007 WL 805610, at *3 (N.D. Fla. Mar. 14, 2007) (dismissing pursuant to Rule 12(f) allegation that was factually supportive only of dismissed claim); *Brown v. Mailman*, 95-2181-JWL, 1996 WL 99763, at *1 (D. Kan. Feb. 7, 1996) ("To the extent the plaintiffs have pled claims in their amended complaint that the court has already dismissed, those claims must be stricken as 'redundant [and] immaterial.'").

Relator re-asserts allegations regarding four physician financial relationships not raised in the SAC, and over which the Court already ruled that it lacks jurisdiction and could not be included in an amended complaint. [Dkt. 33]. Specifically, Relator has re-asserted claims regarding: (1) the purchase of Dr. Jerry Barbosa's hematology/oncology practice; (2) compensation arrangements with a pediatric plastic surgeon; (3) the alleged agreement to indemnify certain pediatric cardiologists; and (4) compensation paid to pediatric neurosurgeons. As demonstrated by a comparison of the proposed-and-rejected Third

Amended Complaint [Dkt. 21-1] and the recently-filed Third Amended Complaint [Dkt. 45], the allegations are the same:

| Allegation | Proposed Third Am. Compl. [Dkt. 21-1] | Filed Third Am. Compl. [Dkt. 45] |
|---|---|---|
| **Pediatric Hematology/Oncology** (allegations regarding purchase of Dr. Barbosa's hematology/oncology practice assets at a price in excess of fair market value) | Compare ¶¶ 42, 46 | with ¶ 34-35 |
| **Pediatric Plastic Surgery** (allegations of compensation based on volume of procedures performed) | Compare ¶¶ 51-55 | with ¶ 44-48 and portion of ¶ 66 regarding Dr. Gallant |
| **Pediatric Cardiology Physicians** (allegations of "uncapped remuneration" in the form of indemnification if former employer sues physician for breach of non-compete clause) | Compare ¶ 58 | with ¶ 51 |
| **Pediatric Neurosurgery Physicians** (allegations of inflated compensation, bonuses based on volume of procedures performed, and purchase of practice group assets at a price in excess of fair market value) | Compare ¶¶ 62-63, 66-67 | with ¶ 56-60 and portion of ¶ 70 regarding Dr. Carey |

Relator has also asserted two new Counts (III and IV) based solely on the allegations in paragraphs 56 through 60 of the TAC – allegations that were not present in the SAC, and which the Court previously rejected. *See* Proposed Third Amended Complaint [Dkt. 21-1] at ¶¶ 62-63, 66-67.

As noted, Relator never sought leave to add the allegations and claims that the Court previously refused to allow in its January 9 Order. Relator also has not moved the Court to

reconsider that Order. Nevertheless, Relator disregarded that Order when she filed her Third Amended Complaint.

There is no basis to read the Court's April 15, 2013 Order as somehow rescinding or limiting the January 9 Order. The circumstances here are similar to those in *Dover Steel Co., Inc. v. Hartford Acc. & Indem. Co.*, 151 F.R.D. 570, 575 (E.D. Pa. 1993), another case where a plaintiff disregarded a district court's order regarding the scope of amendment of a complaint. In *Dover Steel,* the court granted plaintiff leave to file "an amended complaint," and the plaintiff took this as a license to file a complaint substantially different than the one proposed. *Id.* at 574-75. The court not only struck the improper amendment, it also imposed Rule 11 sanctions. *Id.* at 575. The *Dover Steel* court held that "[e]ven if the Court had granted [plaintiff] leave to 'update' the factual averments contained in the Proposed Complaint . . . the wholesale changes made, which included the addition of a defendant, five new counts, and new legal theories, far exceeded any reasonable construction of the scope of such leave." *Id.* at 574.

The allegations and claims that the Court previously rejected, but which Relator inserted into her Third Amended Complaint, should be stricken. Relator's attempt to amend with allegations and claims, after the Court previously refused such amendments as futile, is inappropriate. Those allegations and claims should be stricken. *See U.F.C.W. Local 56 Health & Welfare Fund* , 240 F.R.D. at 154 (striking claims that exceeded the scope of the leave to amend the Court had granted); *Kirby v. Tennessee Valley Auth.*, 877 F. Supp. 589, 591-92 (N.D. Ala. 1994) (granting motion to strike where there was "obvious intent by Plaintiffs and their counsel of record to circumvent" the court's previous order dismissing

complaint); *Lake Lucerne Civic Ass'n, Inc. v. Dolphin Stadium Corp.*, 801 F. Supp. 684, 694-97 (S.D. Fla. 1992) (granting motion to strike previously litigated issues); *Korman v. Trusthouse Forte PLC*, CIV. A. 89-8734, 1991 WL 3481, at *1 (E.D. Pa. Jan. 11, 1991) ("Portions of pleadings which have been dismissed or previously rejected by the court may be stricken pursuant to [Rule 12(f)].").

## CONCLUSION

For the foregoing reasons, Counts III (¶¶ 82-87) and IV (¶¶ 88-93), as well as paragraphs 26, 34, 35, 44, 45, 46, 47, 48, 51, 56, 57, 58, 59, 60, and portions of paragraph 66 referring to Dr. Carey and 70 referring to Dr. Gallant, should be stricken.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Defendants' counsel conferred with Relator's counsel who indicated that they oppose this motion.

Dated:  May 9, 2013                                    Respectfully submitted,


                                                      /s/Latour "LT" Lafferty
Jesse A. Witten (*pro hac vice*)                      Latour "LT" Lafferty, FBN 0975575
Mark H. M. Sosnowsky (*pro hac vice*)                 Fowler White Boggs P.A.
Drinker Biddle & Reath LLP                            501 E. Kennedy Blvd., Suite 1700
1500 K Street, NW, Suite 1100                         Tampa, FL  33602
Washington, DC  20005                                 Tel.:  (813) 222-1106
Telephone:  (202) 842-8800                            Fax:  (813) 384-2830
Facsimile:  (202) 842-8465                            ltlafferty@fowlerwhite.com
jesse.witten@dbr.com
mark.sosnowsky@dbr.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

<u>/s/Latour "LT" Lafferty</u>
Latour "LT" Lafferty, FBN 0975575