UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* BARBARA SCHUBERT,<br><br>Plaintiffs,<br><br>v.<br><br>ALL CHILDREN'S HEALTH SYSTEM, INC., *et al.*,<br><br>Defendants. | Case No.: 8:11-cv-1687-T-27-EAJ |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Defendants have pointed out that Relator failed to allege *material* falsity in the claims for FFP that Florida submitted to CMS. Relator has not alleged that CMS has ever sought to recoup from a State after learning of a Stark Law violation, let alone that the United States would have recouped in this instance from Florida. *See* Mot. to Dismiss [Dkt.58] at 18.

CMS has set up a formal protocol by which health care providers can self-disclose Stark Law violations. *Id.* The protocol is used frequently; CMS reported to Congress that between September 2010 and March 2012 alone, it received 150 self-disclosures of Stark Law violations.[1] Consistent with the fact that CMS does not recoup FFP from States, the protocol is directed towards resolving only Medicare overpayments, and does not touch Medicaid; although the protocol requires providers to submit detailed information regarding

---

[1] *See* United States Dep't of Health and Human Servs. Rept. to the Congress: Implementation of the Medicare Self-Referral Disclosure Protocol at 8-9, available at http://www.cms.gov/Medicare/Fraud-and-Abuse/PhysicianSelfReferral/Downloads/CMS-SRDP-Report-to-Congress.pdf (last visited Aug. 22, 2013).

Medicare claims and reimbursement, it seeks no data regarding Medicaid.[2]

In its Statement of Interest, the United States does not dispute that CMS routinely receives notice of Stark Law violations but CMS has never sought to recoup FFP payments from a State due to a Stark Law violation. [Dkt. 59]. Instead, the United States cites *United States v. Rogan*, 459 F. Supp. 2d 692, 710-11 (N.D. Ill. 2006), *aff'd* 517 F.3d 449 (7th Cir. 2008), as a supposed occasion in which the United States "[sought] to apply the Stark Statute to Medicaid claims." [Dkt. 59] at 8. In fact, *Rogan* did not involve recoupment of FFP from a State, and the United States did not invoke 42 U.S.C. § 1396b(s) as a basis for its claims. Even more, the United States specifically *disclaimed any reliance on the Stark Law* in asserting its claims based on Medicaid payments. The Government was explicit:

> The government's core allegations in this case rest on the relationship between the FCA and two statutory regimes – the Anti-kickback Statute and the Stark Statute – designed to protect federal health care programs from fraud. . . . Rogan caused Edgewater [Hospital] to expressly certify compliance with the Anti-kickback and Stark Statutes on the Medicare cost reports, and impliedly to do so on the hospital's UB-92s [claim forms] and Medicaid cost reports (*the latter as to the Anti-kickback statute alone*).

Post-Trial Closing Brief of the United States, *United States v. Rogan*, No. 1:02-cv-03310 (N.D. Ill. May 17, 2006) [Dkt. 202] at 25 (emphasis added); *see also* United States' Proposed Conclusions of Law, *United States v. Rogan*, No. 1:02-cv-03310 (N.D. Ill. May 17, 2006) [Dkt. 201] at ¶¶ 16-17, 20, 29, 36, 77-78, 91-93 (asserting Stark Law violations as basis to recover on Medicare claims only, while asserting Anti-Kickback Statute violations as basis to recover on both Medicare and Medicaid claims); United States' Complaint, *United States v.*

---

[2] CMS Voluntary Self-Referral Disclosure Protocol at 1-2, 5, *available at* http://www.cms.gov/Medicare/Fraud-and-Abuse/PhysicianSelfReferral/Downloads/6409_SRDP_Protocol.pdf (last visited Aug. 22, 2013).

*Rogan*, No. 1:02-cv-03310 (N.D. Ill. May 8, 2002) [Dkt. 1] at ¶¶ 9-12; (distinguishing Anti-Kickback Statute as applicable to both Medicare and Medicaid from the Stark Law as applicable solely to Medicare).[3] In its post-trial opinion, the district court also explained that the Stark Law regulates only the referral and billing of Medicare patients, while the Anti-Kickback Statute applies to both Medicare and Medicaid. *Rogan*, 459 F. Supp. 2d at 717.

Accordingly, the Government's Statement of Interest supports the argument that Relator has failed to plead *material* falsity in Florida's FFP claims submitted to CMS.

Dated: August 23, 2013                              Respectfully submitted,

                                                    /s/ Latour "LT" Lafferty

Jesse A. Witten (*pro hac vice*)                    Latour "LT" Lafferty, FBN 0975575
Mark H. M. Sosnowsky (*pro hac vice*)               Fowler White Boggs P.A.
Drinker Biddle & Reath LLP                          501 E. Kennedy Blvd., Suite 1700
1500 K Street, NW, Suite 1100                       Tampa, FL 33602
Washington, DC 20005                                Tel.: (813) 222-1106
Telephone: (202) 842-8800                           Fax: (813) 384-2830
Facsimile: (202) 842-8465                           ltlafferty@fowlerwhite.com
jesse.witten@dbr.com
mark.sosnowsky@dbr.com

                                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                                    /s/ Latour "LT" Lafferty
                                                    Latour "LT" Lafferty, FBN 0975575

---

[3] The United States' filings in *Rogan* are available on PACER. Defendants can provide copies upon request.

3